[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2010
JOHN LEY
CLERK

No. 09-15217
Non-Argument Calendar

_____

D. C. Docket No. 09-00074-CR-3-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO A. JIMENEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 10, 2010)

Before EDMONDSON, BLACK and MARTIN, Circuit Judges.

PER CURIAM:

Mario Jimenez appeals his 21-month total sentence, within the Guidelines range, imposed after pleading guilty to three counts of filing fraudulent tax returns, 26 U.S.C. § 7206(1), and one count of harboring illegal aliens for private financial gain, 8 U.S.C. §§ 1324(a)(1)(A)(iii), (a)(1)(A)(v)(II), and (a)(1)(B)(i). Jimenez contends his sentence is substantively unreasonable, because the court should have imposed a probation-only sentence based on his exceptional military service, and based on his family ties and responsibilities.[1] After review, we affirm Jimenez's sentence.[2]

We consider the substantive reasonableness of the sentence imposed by inquiring whether the sentence is supported by the 18 U.S.C. § 3553(a) factors. *Gall v. United States*, 128 S. Ct 586, 597 (2007). The weight accorded to the § 3553(a) factors is within the district court's discretion. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). Moreover, when considering whether a defendant's sentence is reasonable, we have compared the sentence actually

---

[1]Jiminez also asserts the district court erred by denying his request for a downward departure based on similar grounds listed above. We lack jurisdiction to review this claim because the record shows the court knew it had the authority to grant his request for a downward departure. *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005) (holding, post-*Booker*, this Court still lacks jurisdiction to review the decision of the district court not to apply a downward departure).

[2]We review the sentence imposed by the district court for reasonableness, and the party challenging that sentence bears the burden of establishing that the sentence is unreasonable. *United States v. Talley*, 431 F.3d 784, 785, 788 (11th Cir. 2005).

imposed to the statutory maximum. *See, e.g., United States v. Valnor*, 451 F.3d 744, 751-52 (11th Cir. 2006).

Jimenez has failed to show the court's sentence was substantively unreasonable in light of the § 3553(a) factors. Jimenez harbored illegal aliens by providing transportation and lodging to them. The purpose of 8 U.S.C. § 1324 is to "penalize employers for hiring illegal aliens," as this results in a lost employment opportunity for an American citizen, and for "harboring them from detection by providing transportation and housing for them." *United States v. Zheng*, 306 F.3d 1080, 1087 (11th Cir. 2002). His Guideline-range sentence sufficiently covered his offense conduct. The record indicates the district court adequately considered Jiminez's military background and family situation. His total sentence of 21 months was less than the statutory maximum of 36 months for violating 26 U.S.C. § 7206(1) and considerably less than the 120-month statutory maximum for violating 8 U.S.C. §§ 1324(a)(1)(A)(iii), (a)(1)(A)(v)(II), and (a)(1)(B)(i). Therefore, Jimenez has failed to demonstrate his sentence is unreasonable. Accordingly, we affirm.

**AFFIRMED.**